SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART  7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407

Attorney for Plaintiff
JULIE JOW

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JULIE JOW, | ) | Civil No. 21-373 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT; SUMMONS |
| | ) | |
| SERVICE PRINTERS HAWAII, | ) | |
| INC.; KATHLEEN | ) | |
| YAMASHIROYA; BRUCE | ) | |
| INOUYE; DOE DEFENDANTS 1 | ) | |
| - 10; DOE CORPORATE | ) | |
| ENTITIES  1- 10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **COMPLAINT**

Comes now Plaintiff, JULIE JOW, by and through her attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendant SERVICE PRINTERS HAWAII, INC.;

KATHLEEN    YAMASHIROYA;    BRUCE    INOUYE;    DOE
DEFENDANTS 1 - 10; and DOE CORPORATE ENTITIES  1- 10.

**THE PARTIES**

1.    Plaintiff JULIE JOW ("Plaintiff") is and was at all times relevant a resident of the City and County of Honolulu and an hourly employee employed by Service Printers Hawaii, Inc.

2.    Defendant SERVICE PRINTERS HAWAII, INC. is a domestic profit corporation incorporated in the State of Hawaii ("Employer").

3.    KATHLEEN YAMASHIROYA ("Yamashiroya") was at relevant times herein President, Chief Executive Officer, and a majority shareholder of Employer, who exercised significant control over the Employer's operations.

4.    BRUCE INOUYE ("Inouye") was at relevant times herein Vice President and Chief Operating Officer, who exercised significant control over the Employer's operations.

5.    DOE DEFENDANTS 1 – 10 and DOE CORPORATE ENTITIES 1- 10 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants) are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except

2

that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

6.    This Honorable Court has jurisdiction over the subject matter of this within action pursuant to 28 U.S.C. Section 1331 as the instant lawsuit raises issues of federal question arising out of 29 U.S.C. Sections 201-219 ("Fair Labor Standards Act") and

the Employee Retirement Income Security Act of 1974 or Title 26 and 29 of the United States Code.

7.   Venue is appropriate in the District Court of the District of Hawaii pursuant to 28 U.S.C. Section 1391.

## FACTUAL ALLEGATIONS

8.   Employer's gross annual sales exceed $500,000.

9.   Employer directly or indirectly administers an employment retirement account governed by ERISA, of which Plaintiff was a beneficiary.

10.  Plaintiff was employed by Employer as a part-time accounting staff, beginning on or about February 22, 2017 at the rate of $40.00 per hour and handled, amongst other things, human resources and payroll duties.

11. Although Plaintiff had accumulated overtime shortly after she began working for Employer, Employer did not compensate Plaintiff monetarily for her overtime but instead made her use the accumulated overtime hours as "comp time" to take time off from work in 2017, in violation of the Fair Labor Standards Act.

12.   By January 15, 2019, Plaintiff had accumulated 801 overtime hours, which Plaintiff communicated/transmitted to management

13.   In July and August 2019, Employer sought to improperly classify Plaintiff as a salaried employee in order to avoid the requirement to pay Plaintiff, as an hourly employee, overtime pay under the Fair Labor Standards Act.

14.   On or about August 6, 2019, Yamashiroya acknowledged to Plaintiff that the Employer owed her at least 800 hours of unpaid overtime pay.

15.   On August 13, 2019, Plaintiff submitted her resignation letter, indicating her last day of work would be August 30, 2019.

16. On August 14, 2019, Inouye informed Plaintiff that the Employer was looking into how best to payout Plaintiff's accumulated overtime hours.

17.   On August 22, 2019, Yamashiroya informed Plaintiff that she believed there were calculation errors in the overtime figures Plaintiff submitted.

18.   On or about August 29, 2019, Plaintiff corrected what Yamashiroya perceived to be errors in Plaintiff's calculation of her overtime hours.

19.   By August 30, 2019, Plaintiff had accumulated 1,212.25 hours of overtime and 50.33 in unused earned vacation hours, which Plaintiff communicated/transmitted to management.

20.   In actuality, Plaintiff's last day of employment with Employer was September 6, 2019, per agreement between Plaintiff and Employer.

21.   On September 6, 2019, Employer refused to pay Plaintiff her accumulated overtime hours, claiming that Plaintiff was an "exempt" employee and not entitled to overtime pay.

22.   Employer owed Plaintiff the sum of Seventy Two Thousand Seve Hundred Thirty-Five and 00/100 U.S. Dollars ($72,735) in unpaid overtime, representing 1,212.25 hours between September 22, 2017 and January 15, 2019, as well as, Two Thousand Thirteen and 20/100 U.S. Dollars ($2,013.20) representing 50.33 hours in earned accrued vacation time, exclusive of liquidated damages, pre-judgment interest, and Employer's 401(k) contribution due on the unpaid wages.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

23.   Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

24.   By failing to compensate Plaintiff for the time she worked for Employer between September 22, 2017 and January 15, 2019, despite repeated requests, Employer, Yamashiroya, and Inouye knowingly and willfully violated 29 U.S.C. Sections 201-219, Plaintiff is entitled to $72,735 in unpaid overtime, as well as, $2,013.20 in earned accrued vacation pay, not including liquidated damages.

## COUNT II

### LIQUIDATED DAMAGES

25.   Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

26.   By failing to compensate Plaintiff for the time she worked for Employer between September 22, 2017 and January 15, 2019, despite repeated requests, Employer, Yamashiroya, and Inouye knowingly and willfully violated 29 U.S.C. Sections 201-219 and Plaintiff is, therefore, entitled to liquidated damages pursuant to 29 U.S.C. Section 260.

## COUNT III

## VIOLATION OF ERISA

## SECTION 502 (a)(1)(B)

27.   Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

28.   Plaintiff is entitled to a three percent (3%) contribution by Employer towards her 401(k) plan for monies earned through her employment with Employer, pursuant to Section 404 (c) of ERISA or the "safe harbor provision."

29.   By failing to contribute to Plaintiff's 401(k) plan on the unpaid wages owed to Plaintiff, Employer is in violation of its duties under Section 404(c) and 502(a)(1)(B) of ERISA.

30.   To the extent Defendants are found liable to Plaintiff for unpaid wages under the FLSA, Employer must be required to fund Plaintiff's 401(k) plan, reflecting 3% of said unpaid wages.

## COUNT IV

## ATTORNEYS FEES AND COSTS

31.   Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

32.   Plaintiff is entitled to attorney's fees and costs in amounts to be determined, pursuant to 29 U.S.C. Section 216 (b),

for instituting this legal action for the recovery of unpaid wages and/or overtime pay pursuant to the Fair Labor Standards Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A.    For a monetary award in favor of Plaintiff and against Defendant in amount to be proven at trial or hearing in this matter.

B.    For judgment in Plaintiff's favor on each and every count as alleged against the Defendant claimed herein, and presently unidentified Defendants, jointly and severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

C.    Pre-judgment and post-judgment interest as provided by statute.

D.    Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of investigation, and such other and further relief as the Court deems equitable in the premises.

DATED:   Honolulu, Hawaii, September 3, 2021.

/s/ Andrew Daisuke Stewart
_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC

Attorney for Plaintiff
JULIE JOW

10